
FILED
MAY 29 2014
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHERYL L. PORTER,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CV 13-101-M-DWM-JCL<br><br>ORDER |

Plaintiff Cheryl L. Porter brings this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. This matter comes before the Court on the parties' motions for summary judgment. (Docs. 12 and 16.) Magistrate Judge Jeremiah Lynch entered findings and recommendations on April 30, 2014, recommending the Court grant Porter's motion and remand for further proceedings. (Doc. 20.)

The parties are entitled to *de novo* review of the specified findings or

1

recommendations to which they object. 28 U.S.C. § 636(b)(1). The Court reviews the findings and recommendations that are not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Defendant Carolyn Colvin filed an objection on May 13, 2014. (Doc. 21.) Colvin objects to Judge Lynch's determination that the administrative law judge ("ALJ") did not adequately evaluate the opinion of Porter's treating physician Dr. Douglas Pittman in his decision to deny Porter's application for benefits and find her not disabled with the meaning of the Act. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Colvin contends the ALJ adequately considered Dr. Pittman's opinions by making numerous references to Dr. Pittman's records. Colvin further argues Dr. Pittman never rendered an opinion on Porter's functional limitations, the central issue in the case. And, based on that, the ALJ's failure to explain the fact that Dr. Pittman released Porter from work for an extended period of time: (1) was not in error and (2) even if the Court finds the ALJ erred, no harm resulted from that error because the ALJ's decision was adequately supported on other grounds. The

Court finds the ALJ's failure to address Dr. Pittman's opinion was in error and the matter is remanded.

The Court's review is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the Commissioner's decision." *Batson v. Commr. of Soc. Sec. Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004)

A treating physician's opinion is entitled to greater weight than that of an examining or reviewing physician on the basis that he has a "greater opportunity to know and observe the patient as an individual." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 404.1527(c)(2). To discount the controverted opinion of a treating physician, the ALJ must provide "specific and legitimate reasons supported by substantial evidence in the record." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (internal quotation marks omitted).

3

In making the determination that Porter was not disabled, the ALJ relied on MRI results from 2007, a medical records review and physical examination by Dr. Robert Hollis, progress notes and treatment records of treating physician Dr. Scott Jahnke, a physical assessment by Dr. Mark Ibsen, and a record review by Dr. William Fernandez. (Tr. 23-26.) The ALJ specifically gave little weight to the 2001 physical examination performed by Dr. Nate Barrett on the grounds that it did not specifically address work-related impairments, the claimant's impairments and symptoms had changed over the years, and claimant had worked at substantial gainful activity levels for several years after the assessment. (Tr. 24.) However, the ALJ failed to discuss Dr. Pittman by name or reference the fact that he never released Porter to return to work during the two year period he treated her. As Dr. Pittman was a treating physician, the ALJ was required to provide specific and legitimate reasons for discounting his finding that Porter's chronic back pain prevented her from working. Colvin is correct that the ALJ could have considered the one-page form filled out by Dr. Pittman and determined it was either unreliable or outweighed by substantial evidence in the record. In fact, the ALJ did this in regards to a June 2011 medical source statement, which the ALJ gave little weight because it was not "accompanied by any significant explanation for the limitations endorsed." (Tr. 26.) But the ALJ did not specifically discount Dr. Pittman's

4

findings or opinion and the Court cannot identify reasons for rejecting Dr. Pittman's opinion that could have been provided by the ALJ but were not. *See Stout v. Commr. of Social Security*, 454 F.3d 1050, 1054 (9th Cir. 2006); *see also Pinto v. Massannari*, 249 F.3d 840, 847 (9th Cir. 2001) (a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"). Therefore, the failure to address Dr. Pittman's opinion and findings was in error.

Colvin contends that even if the ALJ erred in not addressing the document, the error was harmless because "it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). The Court cannot consider the error harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting that [evidence], could have reached a different disability determination." *Stout*, 454 F.3d at 1056. The Court cannot say that a reasonable ALJ who fully considered Dr. Pittman's opinion that Porter could not work for two years due to her chronic back pain would necessarily reach the same disability determination as the ALJ did here. Therefore, this error is not harmless and the matter is remanded for further proceeding consistent with this order. *See Anderson v. Barnhart*, 2004 WL 725373, *10 (N.D. Cal. 2004) (remanding for reconsideration where "the ALJ

failed to adequately explain his reasons for rejecting [treating physician's] conclusions as to work restrictions and [Claimant's] testimony with respect to extent and effect of his pain . . . .").

No objections were raised to Judge Lynch's determinations regarding the ALJ's consideration of the opinion of Dr. Scott Janke and Dr. Robert Hollis and the Court finds no clear error with Judge Lynch's related analysis or conclusions.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 20) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (Doc. 12) is GRANTED. The decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment (Doc. 16) is DENIED.

Dated this 29th day of May, 2014.

Donald W. Molloy, District Judge
United States District Court